# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON MAURICE BUTLER,** }  | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 1:24-cv-08010-RDP |
| } | 1:22-cr-00247-RDP-NAD-2 |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

## MEMORANDUM OPINION

Before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. #1, Cr. Doc. # 333).[1] The motion has been fully briefed. (Docs. # 1, 3, 6). After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.     Background**

In August 2022, a grand jury returned a 66-count indictment against Brandon Maurice Butler ("Butler") and eleven other targets who were allegedly part of a drug trafficking conspiracy. (Cr. Doc. # 1). In November 2022, Butler signed a plea agreement and pled guilty to the following counts: Count 1, Conspiracy with the Intent to Distribute Five Hundred (500) Grams or More of A Mixture and Substance Containing a Detectable Amount of Methamphetamine and Fifty (50) Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(C), and (b)(1)(D); Count 7, Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(C)(1)(A); and Counts 15, 35, 49, 51, 54, and

---

[1] The court refers to documents filed in Bulter's underlying criminal case (1:22-cr-00247-RDP-NAD-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents filed in the present matter.

65, Use of a Communication Facility to Commit or Help to Commit a Drug Trafficking Crime in violation of 21 U.S.C. § 843(b). (Doc. # 1, Cr. Docs. # 165, 169).

Butler's Plea Agreement included a factual basis. (Cr. Doc. # 165 at 3-21). That section of the agreement listed in detail the evidence supporting each of the counts to which he pled guilty. (*Id.*). At the end of the factual basis section, Butler acknowledged that all of the facts were substantially correct and could be used to calculate his sentence. (*Id.* at 21).

Butler's Plea Agreement listed the consequences of him accepting the Agreement. In particular, the Plea Agreement explicitly stated that Butler would "waive and give up the right to challenge [his] conviction and/or sentence," including "a motion brought under 28 U.S.C. § 2255" and any argument that "the statute(s) to which I am pleading guilty is or are unconstitutional" (*id.* at 23-24) unless any of three exceptions applied:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);
2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and
3. Ineffective assistance of counsel.

(*Id.* at 24). The Plea Agreement also disclosed the maximum penalties for each of the counts charged. (*Id.* at 1-3). Butler initialed at the bottom of each page of the Plea Agreement and signed it. (*See generally id.*).

At the change of plea hearing, the court asked a number of questions to ensure Butler's plea was knowingly and voluntarily offered. (Tr. of Nov. 9, 2022 Change of Plea Hr'g). Specifically, the court asked Butler if he understood that, under the terms of the Agreement, he waived his rights to appeal and postconviction relief absent an applicable exception. (*Id.* at 18). Butler affirmed that he understood he was entering into such a waiver. (*Id.*).

On April 6, 2023, Butler was sentenced to a total term of 135 months imprisonment. (Doc. # 1 at 1, Cr. Doc. # 246). The sentence was comprised of 75 months as to Count 1 of the indictment;

48 months as to Counts 15, 35, 49, 51, 54, and 65 of the indictment; and 60 months as to Count 7 of the indictment. (*Id.*). The sentences imposed as to Count 1, 15, 35, 49, 51, 54, and 65 were to be served concurrently, and the sixty-month sentence imposed as to Count 7 was to be served consecutively with any other sentence. (*Id.*).

## II.   Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to move in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.   Analysis

Butler does not contest his convictions on Counts 1, 15, 35, 49, 51, 54, and 65. He contests only his conviction on Count 7 under 18 U.S.C. § 924(C)(1)(A) for Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime. Specifically, "Butler asserts that this conviction is a violation of his Second Amendment rights pursuant to the 2022 Supreme Court of

3

the United States ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022)." (Doc. # 1 at 6).

Butler cannot challenge the constitutionality of his conviction because he waived that right in his Plea Agreement. A waiver provision is enforceable if the waiver was made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). In this circuit, such waivers are consistently enforced according to their terms. *See Bascomb*, 451 F.3d at 1294 (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. Both of those elements are met here. Moreover, Butler does not challenge the validity of his plea or of the waiver in his Plea Agreement. The arguments he does advance are unavailing.

First, Butler argues that the waiver does not apply to his challenge because he is challenging the constitutionality of his conviction only. (Doc. # 6 at 3-5). But, Butler's argument is contrary to the plain language of the waiver. The Agreement explicitly states that Butler would "waive and give up the right to challenge [his] conviction and/or sentence . . . including, *but not limited to*, a motion brought under 28 U.S.C. § 2255, and any argument that . . . the statute(s) to which I am pleading guilty is or are unconstitutional." (Cr. Doc. # 165 at 23-24 (emphasis added)). Under the plain language of the waiver, *all* postconviction challenges are barred, other than the three exceptions listed that do not apply to Butler's motion. (*Id.* at 24).

Second, Butler understood the significance of the waiver. Butler signed the Agreement twice and initialed at the bottom of each page. (*See generally id.*). Further, the court specifically questioned Butler about the waiver during the change of plea hearing. The transcript of Butler's change of plea hearing makes clear that he acknowledged the waiver provision in the Plea

4

Agreement and confirmed, through his affirmative answers to the court, that he understood he was waiving his right to later challenge his conviction and sentence, whether by appeal or collateral attack. (Tr. of Nov. 9, 2022 Change of Plea Hr'g at 18).

Thus, the record establishes that Butler waived his right to file this motion and that his waiver was both knowing and voluntary. *Bushert*, 997 F.2d at 1351. Because the waiver is enforceable in this proceeding and Butler's claim challenging the constitutionality of his conviction does not fall under the specified exceptions to the waiver, Butler's § 2255 motion cannot proceed.

### IV.    Conclusion

For the reasons discussed above, Butler's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this November 4, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE